UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:18-CR-00005-1-JRG |
| | ) | 2:18-CR-00028-1-JRG |
| ADAM FRANK SIMS | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Adam Frank Sims's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821 [Case No. 2:18-CR-05, Doc. 49; Doc. 2:18-CR-28, Doc. 45].[1] The United States filed a response in opposition [Doc. 51]. For the reasons discussed below, Defendant's motion for sentence reduction will be **DENIED**.

**I.    BACKGROUND**

In September 2018, Defendant pled guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Docs. 27, 29]. At sentencing, Defendant had six criminal history points and two "status points," resulting in a total criminal history score of eight and a criminal history category IV. [Doc. 32 ¶¶ 57–59]. With a total offense level of 25, Defendant's guideline range was 84 to 105 months. [Doc. 43 at 1]. The Court sentenced Defendant to 96 months on each count, to be served concurrently. [Doc. 42 at 2]. His expected release date is May 22, 2025. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Apr. 16, 2025).

On April 9, 2025, Defendant filed the instant motion for sentence reduction, requesting a reduced sentence of time served. [Doc. 49]. The United States agrees that Defendant is eligible for

---

[1] The above-captioned cases were sentenced together. All subsequent citations refer to the CM/ECF document numbers in Case No. 2:18-CR-00005.

immediate release but maintains that no reduction is warranted given Defendant's poor post-sentencing conduct. [Doc. 51].

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation omitted). One exception to this rule is found in 18 U.S.C. § 3582(c)(2), which permits courts to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with Sentencing Commission policy statements and the sentencing factors listed in 18 U.S.C. § 3553(a).

When deciding a § 3582(c)(2) motion, courts engage in a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court determines whether a reduction is consistent with U.S.S.G. §1B1.10 and calculates the "amended guideline range that would have applied to the defendant had the relevant amendment been in effect at the time of the initial sentencing." §1B1.10(b)(1). If the defendant is eligible for a sentence reduction, the court then considers whether, and to what extent, a reduction is warranted under the circumstances of the case. *Dillon*, 560 U.S. at 827. To make this assessment, the court considers the factors set forth in § 3553(a), including any relevant policy statements. § 3582(c)(2). Having considered these factors, the court decides "whether, in its discretion, the reduction authorized . . . is warranted in whole or in part." *United States v. Domenech*, 675 F. App'x 519, 523 (6th Cir. 2017).

## III. DISCUSSION

### A. Eligibility

2

Guideline Amendment 821, Part A went into effect February 1, 2024, and applies retroactively. The Amendment limits the impact of "status points"—i.e. extra criminal history points defendants are assigned for committing the instant offense while under a criminal justice sentence—on a defendant's criminal history calculation. *See* U.S.S.G. § 4A1.1(e). Individuals with seven or more criminal history points receive only one status point if they commit an offense while under a criminal justice sentence. *Id.* Status points are eliminated altogether for individuals whose criminal history points total six or fewer. *Id.*

Under Amendment 821, both of Defendant's status points are removed, resulting in a total of six criminal history points and a criminal history category of III, rather than IV. The resulting guideline range is 70 to 87 months. Because Amendment 821 lowers his guideline range, Defendant is eligible for a sentence reduction.

### B. § 3553(a) Factors

Although Defendant is eligible for a lesser sentence, his post-sentencing conduct weighs against a sentence reduction. While incarcerated, Defendant has incurred twenty disciplinary sanctions on nineteen different occasions. [Doc. 51-1]. Three of his infractions involved threatening bodily harm, three involved fighting, and one involved possession of a deadly weapon. [*Id.*]. To his credit, Defendant has completed 250 hours of educational programming. [Doc. 49-2]. However, given Defendant's repeated infractions, several of which involved violence, the Court finds that a lesser sentence would not promote respect for the law or afford adequate deterrence to criminal conduct. *See* § 3553(a)(2)(A), (B); *see also* USSG § 1B1.10 cmt. n. 1.(B) (providing that courts may consider post-sentencing conduct when determining appropriate sentence reductions under § 3582(c)(2)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for sentence reduction [Case No. 2:18-CR-05, Doc. 49; Doc. 2:18-CR-28, Doc. 45] is **DENIED**.

So ordered.

ENTER:

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE